**WALLS MANUFACTURING COMPANY, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 17267.**

United States Court of Appeals District of Columbia Circuit.

Argued April 17, 1963.

Decided June 6, 1963.

Petition for Rehearing Denied Sept. 12, 1963.

Mr. John Edward Price, Fort Worth, Tex., for petitioner.

Miss Marion L. Griffin, Atty., National Labor Relations Board, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, for respondent. Messrs. Stuart Rothman, Gen. Counsel at the time of argument, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Allan I. Mendelsohn, Atty., National Labor Relations Board, were on the brief, for respondent. Mr. Herman Levy, Atty., National Labor Relations Board, also entered an appearance for respondent.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

BASTIAN, Circuit Judge.

This case was before the court on a prior occasion. See International Ladies' Garment Workers' U. v. N. L. R. B., 112 U.S.App.D.C. 30, 299 F.2d 114 (1962). The facts are set forth in detail in that opinion; but, briefly, the charge against Walls Manufacturing Company, Inc. was that it had violated Section 8(a) (1) of the National Labor Relations Act, as amended, by discharging an employee, Mrs. Mary Akey. This court, in remanding the case to the Board, stated:

> "It will thus be seen that we agree with the Board's conclusion that Mrs. Akey's conduct with respect to the second letter was concerted activity, but disagree as to the manner in which the Board's general rule

as to employer knowledge was applied. One further issue remains, however—whether Mrs. Akey's conduct with respect to that letter was 'protected', a matter on which the Board expressly declined to rule. Whether an activity is protected or not depends not only on the wording and purposes of the Act, but on the precise nature and effect of the employee's conduct. The question is accordingly one for the Board to decide in the first instance, and we express no opinion on the subject at the present stage. No doubt, however, the Board will wish to consider whether Mrs. Akey's second letter contained false information, and, if so, whether the falsehoods were such as to remove the writing from any 'protected' status it might otherwise possess." 112 U.S.App.D.C. at 32, 299 F.2d at 116.

The Board reopened the case and, on re-examination of the record and evidence in the light of this court's opinion, filed its supplemental decision and order. By that decision and order the Board concluded that it was satisfied from the evidence, assuming the need for showing knowledge of the offense at the time of discharge, that "at the time of the discharge interview the Respondent knew of the concerted nature of [the employee's] activity." The Board further found that there was "no cogent evidence that the allegations were made with intent to falsify or maliciously injure the Respondent, that they were defamatory or insulting in character, or that they were manifestly destructive of discipline." The Board concluded that, notwithstanding the inaccuracy of any allegation, the activity was protected conduct within the meaning of Section 7 of the Act.[1] Thereupon, the Board ordered petitioner to cease and desist from certain violations of the Act and to reinstate the employee with back pay, and other affirmative action.

Petition to review, set aside and reverse the supplemental decision and order was duly filed; and the Board answered, and prayed enforcement.

While the matter is not free from doubt, and we might well have reached a view contrary to that of the Board, we cannot say, having in mind the narrow scope of our review, that the record as a whole does not support the Board's determination.

Accordingly, the petition for review will be denied, and the supplementary order will be enforced.

So ordered.

1. 29 U.S.C. § 157 (1958): "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a) (3) of this title."