**SOCONY MOBIL OIL CO., Inc.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD,** Respondent.

No. 252, Docket 29983.

United States Court of Appeals
Second Circuit.

Argued Feb. 28, 1966.

Decided March 16, 1966.

Edward F. Callan, New York City (Putney, Twombly, Hall & Skidmore, New York City, Stephen F. Huff, Charles O. Strahley, Donald J. Maroldy, New York City, on the brief), for petitioner.

George B. Driesen, Washington, D. C. (Arnold Ordman, Gen., Counsel, Dominick L. Manoli, Associate Gen., Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Clarice Feldman, Atty., Washington, D. C., on the brief), for respondent.

Before LUMBARD, Chief Judge, KAUFMAN, Circuit Judge, and FEINBERG, District Judge.*

PER CURIAM:

Socony Mobil Oil Company, Inc. ("Socony") petitions to set aside a Decision and Order of the National Labor Relations Board ("the Board"),[1] and the Board cross-petitions for enforcement. The Board found that Socony had violated section 8(a) (1) and (3) of the National Labor Relations Act ("the Act"), 29 U.S.C. § 151 et seq., by the ten-day suspension of an employee, Garabed Newton Haleblian, for engaging in protected concerted activity.

Socony operates a fleet of oil tankers, including the S.S. Mobil Lube, between ports on the Gulf Coast and the eastern seaboard. The suspension of Haleblian grew out of a labor dispute between Socony and Socony Vacuum Tanker Men's Association ("the union") over the duties of certain employees on the Mobil Lube. In early 1964, Socony directed these employees to perform their jobs in a manner which the union thought violated the full-watch requirements of 46 U.S.C. § 673, and the union complained to the United States Coast Guard by letter, dated March 10, 1964. The letter, which was signed by Haleblian, a Socony employee and member of the union's Board of Governors, charged Socony with operating the vessel in an unsafe manner and contained various factual allegations, some of which were untrue. On March 18, 1964, a Coast Guard commander boarded the tanker to investigate the complaint. While he was there, Haleblian acted in a bellicose way toward Socony's officers, at one time asking Socony's employee relations assistant to "step outside." On March 20, 1964, Socony wrote Haleblian that he was being suspended because of his "wrongful accusation regarding the seaworthiness" of the Mobil Lube, the disruption of the vessel by "the improper manner" in which he processed the accusation and his "misconduct" on March 18. After reviewing Haleblian's file, which included warnings for prior misconduct, Socony imposed a ten-day suspension without pay.

The Trial Examiner dismissed the complaint charging Socony with violation of section 8(a) (1) and (3) of the Act, finding that the sole reason for Haleblian's suspension was his "misconduct" on board the Mobil Lube on March 18, 1964. The Board reversed, holding (1) that Haleblian was suspended for processing a complaint before an appropriate government agency; and (2) even if Haleblian had been suspended solely for misconduct on March 18, 1964, during a Coast Guard investigation, that misconduct was not so extreme that it passed the bounds of lawful protected activity. In this court, the test on review is whether there is substantial evidence on the whole record to support the Board's ultimate conclusion that Haleblian was suspended primarily because of his protected activities.

As to the first theory, Socony cannot nullify the effect of the letter of March 20, 1964. It clearly supports a finding that Socony was motivated in part by Haleblian's processing the complaint. And for this reason, Socony's suspension of Haleblian was unlawful.

---

* Sitting by designation.

[1]. Socony Mobil Oil Co., 153 N.L.R.B. No. 97 (1965).

NLRB v. Park Edge Sheridan Meats, Inc., 341 F.2d 725 (2d Cir. 1965); NLRB v. Great Eastern Color Lithographic Corp., 309 F.2d 352 (2d Cir. 1962), cert. denied, 373 U.S. 950, 83 S.Ct. 1680, 10 L.Ed.2d 705 (1963). Of course, Haleblian would not be engaged in protected activity in filing the complaint if he acted in bad faith. However, the record supports a finding that the union's complaint was made not out of malice, but in a desire to bring the watch-standing problem to the Coast Guard's attention. See Walls Mfg. Co. v. NLRB, 116 U.S.App.D.C. 140, 321 F.2d 753, cert. denied, 375 U.S. 923, 84 S.Ct. 265, 11 L.Ed.2d 166 (1963). Therefore, on the Board's first theory the test for review is met. Since the Board's Order is sustained on this ground, it is not necessary to discuss the second theory.

As to the scope of the Order, Socony correctly urges that it goes too far. The Order in this case should be trimmed by omitting paragraph 1(c), and the required notice should be similarly tailored. As modified, enforcement is granted, and Socony's petition for review is denied.