**ALTEX READY MIXED CONCRETE CORPORATION, Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

No. 76–2078

Summary Calendar. *

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1976.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

G. Michael Pharis, Baton Rouge, La., for petitioner-cross respondent.

Elliott Moore, Deputy Assoc. Gen. Cnsl., N.L.R.B., Aileen A. Armstrong, Andrew F. Tranovich, Attys., Washington, D. C., for respondent-cross petitioner.

Charles M. Paschal, Jr., Regional Director, N.L.R.B., Region 15, New Orleans, La., for other interested parties.

Before AINSWORTH, GODBOLD and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

This is a petition by the Altex Ready Mixed Concrete Corporation for review of an order of the National Labor Relations Board, which found that Altex committed unfair labor practices in violation of sections 8(a)(1) and 2(6) and (7) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), 152(6) and (7). The Board cross-petitions for enforcement of its order. We grant the Board's cross-petition and deny the company's petition for review.

This action involves the firing of two Altex drivers, John Mattire and James White, whom the Board has ordered reinstated, among other relief. The drivers were fired as a result of a controversy involving a labor-management agreement provision concerning whether management could "require" drivers to load red dye into concrete mixer drums. The issue sparked a walkout and strike by Altex drivers. The Board found that these actions were unprotected activity under section 7 of the National Labor Relations Act because they were in violation of the labor-management no-strike-no-lockout agreement. In connection with the strike, the drivers' union, Teamsters, Chauffeurs, Warehousemen & Helpers, Local No. 5, filed an action in a Louisiana state court asking that Altex management be enjoined from requiring drivers to load red dye.

Drivers Mattire and White were dismissed, according to management, for their participation in the walkout and for signing false affidavits which were filed in support of the union's petition for injunction in state court. The affidavits, in addition to reporting inaccurate facts, alleged a management "lockout" of drivers. Such a lockout would have been a breach of the labor-management agreement independent of the red dye provision which was the ostensible object of the union's petition. Both Mattire and White testified that they knew this allegation to be false, but stated that they were directed to sign the already-prepared affidavits by the union's attorney, and that they did not read or understand what they were signing.

The Administrative Law Judge found that participation in the walkout was not "the real reason" for the dismissals of Mattire and White. The Administrative Law Judge further found that filing the state court action against Altex was a concerted activity protected under section 7 of the NLRA. Because of the circumstances under which Mattire and White signed the affidavits, he found that they "signed in good faith without reading," and that this conduct did not warrant dismissal.

Altex contends that the union's filing of a civil action was not protected under section 7 of the NLRA because of its connection with the unprotected walkout and strike; and that even were it protected, Mattire and White should not be insulated from the consequences of admittedly false swearing because of failure to read what they signed.

Generally, filing by employees of a labor related civil action is protected activity under section 7 of the NLRA unless the employees acted in bad faith. *Leviton Mfg. Co. v. NLRB*, 1 Cir., 1973, 486 F.2d 686; *see Walls Mfg. Co. v. NLRB*, 1963, 116 U.S.App.D.C. 140, 321 F.2d 753, *cert. denied*, 375 U.S. 923, 84 S.Ct. 265, 11 L.Ed.2d 166. Section 7 protection does not necessarily immunize employees from discharge for giving false testimony; however, testimony which was not knowingly and wilfully given with intent to deceive concerning a material fact has been found not to justify dismissal. *Big Three Industrial Gas & Equipment Co. v. NLRB*, 212 NLRB 800, 803–04, enf'd, 5 Cir., 1975, 512 F.2d 1404.

We hold that the findings of the Administrative Law Judge are supported by substantial evidence, and that they warrant the inferences drawn from them. *See Packerland Pkg. Co. of Texas, Inc. v. NLRB*, 5 Cir., 1976, 537 F.2d 1343.

Accordingly, the company's petition for review is DENIED and the cross-application of the Board for enforcement is GRANTED.